United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Terrence A. Tumblin, Petitioner ) | |
| ) | |
| v. ) | Civil Action No. 22-14250-Scola |
| ) | |
| Sec'y, Fla. Dep't of Corr., ) | |
| Respondent. | |

**<u>Order</u>**

Before the Court is Petitioner Terrence A. Tumblin's petition under 28 U.S.C. § 2254 (ECF No. 1). The Petitioner challenges the constitutionality of his state convictions and sentences in the Circuit Court of the Nineteenth Judicial Circuit of Florida for Saint Lucie County on charges of attempted first degree murder, attempted second degree murder, possession of a firearm by a convicted felon, and tampering with evidence. (*See generally id.*).

The Respondent filed an Amended Response (ECF No. 12)[1] with an Appendix (ECF No. 9) containing Exhibits 1–23 (ECF No. 9-1) and a Supplemental Appendix (ECF No. 13) containing Exhibits 25–28 (ECF No. 13-1). The Petitioner also filed a reply (ECF No. 10). The Court has carefully considered the parties' written submissions, the record, and applicable law. For the following reasons, the petition is dismissed as untimely.

**1. Background**

On June 17, 2015, the Petitioner was found guilty by a jury on counts of attempted first degree murder with a firearm, attempted second degree murder with a firearm, and tampering with evidence. (*See* ECF No. 9-1 at 165–67).[2] The Petitioner pleaded no contest to the count of felon in possession of a firearm. (*See id.* at 157–63). On September 1, 2015, the Petitioner was sentenced to life in

---

[1] The Amended Response was accepted as the State's response (*see* ECF No. 14) and was considered by the Court along with the original appendix (ECF No. 9-1) and supplemental appendix (ECF No. 13-1).

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

prison as a prison releasee reoffender. (*See id.* at 169–222). His conviction and sentence became final on October 1, 2015, 30 days later when he did not file an appeal. However, the Petitioner was granted a belated appeal on September 25, 2017. (*See id.* at 224).

The Petitioner concedes that his petition is untimely. (*See* ECF No. 1 at 20). He argues that his claims of actual innocence and a miscarriage of justice allow the Court to consider his claims on the merits. (*See id.*). The Court issued a limited order to show cause (ECF No. 6) requiring the Respondent to address whether the petition is timely as well as the Petitioner's claims of actual innocence and a miscarriage of justice. The Respondent confirms that the Petition is untimely and argues that the "Petitioner has no meritorious claim of actual innocence. Likewise, he can establish no extraordinary reasons occurring beyond his control that impeded his ability to timely file the instant petition." (ECF No. 12 at 15).

In his reply, the Petitioner does not claim that his petition is timely. (*See generally* ECF No. 10). He instead reasserts his claim of actual innocence and further argues that his "trial counsel was constitutionally ineffective for failing to file a Notice of Appeal after the Petitioner lost trial[.]" (*Id.* at 1).

**2. Discussion**

**A. The Petition is Untimely**

Upon review of the response and having conducted an independent review of the record, the Court confirms the petition is untimely. *See* 28 U.S.C. § 2244(d). Liberally construed, the Petitioner argues in his reply that the 725 days of untolled time that elapsed from when his conviction became final and the date he was granted a belated appeal should not be counted because his trial counsel was ineffective for failing to file a Notice of Appeal following his guilty verdict. In other words, the Petitioner argues in his reply that the petition is not **as untimely** as the Respondent suggests.

The Court finds it unnecessary to address this argument because the Petitioner does not dispute that even if he "were granted the time from when he

filed the petition for belated appeal as tolled time, the instant petition would still be untimely . . . **435 total days elapsed between his direct appeal and filing the instant petition**." (ECF No. 12 at 7). Because the parties agree that the petition was filed more than one year after the judgment of conviction became final, *see* 28 U.S.C. § 2244(d), the Court turns to equitable tolling and Petitioner's claim "that a miscarriage of justice and actual innocence make it possible to have his Grounds(s) and Sub-Claim(s) addressed on the merits." (ECF No. 1 at 20).

### B. Equitable Tolling is Not Warranted

A claim of actual innocence may serve to overcome the procedural bar caused by an untimely filing. However, to succeed on such a claim, a petitioner, "must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "Actual innocence" requires the petitioner to show "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

The Respondent states that "the facts adduced at trial belie any claim of innocence[.]" (ECF No. 12 at 9). The Court agrees. Among other evidence, the jury heard testimony that the Petitioner accosted the victims and fired his gun into their vehicle. (*See* ECF No. 9-1 at 459). One of the victims was shot in the face, stomach, and leg. (*See id.* at 461). That victim and another victim subsequently identified the Petitioner in photo lineups as well as in open court. (*See id.* at 67, 470, 498, 624). The Petitioner's ex-girlfriend also incriminated him, testifying that after the shooting they went to Walmart "to get ammonia to clean his hands" (*id.* at 587) and went to a park so Petitioner could change clothes and dispose of his bloody t-shirt. (*See id.* at 588, 614).

In support of his "actual innocence" claim, the Petitioner asserts that "[t]he State recited the facts that were set-forth at trial but did not address any actual innocence claim or miscarriage of justice of claim[.]" (ECF No. 10 at 2). The Petitioner is incorrect. It is these facts — proven at trial beyond a reasonable

doubt — that show the Petitioner is not actually innocent. Moreover, the Petitioner bears the burden of providing "new evidence" showing he is actually innocent. *See House*, 547 U.S. at 536–37. The Petitioner provides no new evidence. (*See generally* ECF Nos. 1, 10). In fact, he fails to cast any doubt whatsoever on his guilt. Because the Petitioner is not actually innocent, equitable tolling is not warranted.

### C. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011). "[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). Here, the record refutes the Petitioner's factual allegations and precludes habeas relief. *See id.* Because the Court can "adequately assess [Petitioner's] claim[s] without further factual development[,]" he is not entitled to an evidentiary hearing. *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003).

### D. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for a writ of habeas corpus has no absolute entitlement to appeal and must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability shall issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." *Id.* at (c)(2). Where a district court rejects a petitioner's constitutional claims on procedural grounds, as here, the petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). The Court concludes that reasonable jurists would not find it debatable that the petition is barred by the statute of limitations. Thus, a certificate of appealability is denied.

### 3. Conclusion

For the foregoing reasons, Petitioner Terrence A. Tumblin's petition for writ of habeas corpus under 28 U.S.C. § 2254 **(ECF No. 1)** is **dismissed** as untimely. A certificate of appealability is **denied**. Because there are no issues with arguable merit, an appeal would not be taken in good faith, and thus, the Petitioner is not entitled to appeal *in forma pauperis*. The Clerk is directed to **close** this case.

**Done and ordered**, in chambers, in Miami, Florida, on March 28, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies, via U.S. Mail, to*
Terrence A. Tumblin
C00184
Cross City Correctional Institution
Inmate Mail/Parcels
568 NE 255th Street
Cross City, FL 32628
PRO SE